STATE V. GOMEZ

This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**STATE OF NEW MEXICO,**
**Plaintiff-Appellee,**
**v.**
**MARIO GOMEZ,**
**Defendant-Appellant.**

No. A-1-CA-36896

COURT OF APPEALS OF NEW MEXICO

February 19, 2019

APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY, Fernando R. Macias, District Judge

**COUNSEL**

Hector H. Balderas, Attorney General, Santa Fe, NM, Lauren J. Wolongevicz, Assistant Attorney General, Albuquerque, NM, for Appellee

L. Helen Bennett, P.C., L. Helen Bennett, Albuquerque, NM, for Appellant

**JUDGES**

J. MILES HANISEE, Judge. WE CONCUR: LINDA M. VANZI, Judge, JULIE J. VARGAS, Judge

**AUTHOR:** J. MILES HANISEE

**MEMORANDUM OPINION**

**HANISEE, Judge.**

**{1}**     Defendant appeals following the district court entering judgment against him that included a requirement that Defendant pay restitution to the Metro Narcotics Agency Contingency Fund. On appeal, Defendant contends that the district court's requirement

that Defendant pay restitution was not a proper legal remedy in this case and/or, "even if restitution is found to be proper, [he] should not be required to pay restitution on dismissed conspiracy counts." [DS 3] This Court issued a second calendar notice proposing to conclude that, because Defendant was only convicted on one count of trafficking and the remaining two conspiracy to commit trafficking charges were dismissed, only $150 of restitution was proper.

**{2}** In response, the State has filed a notice indicating that it will not file a memorandum in opposition to this Court's second calendar notice, and Defendant has filed a memorandum in opposition continuing to argue that the Metro Narcotics Agency cannot be a "victim" for the purpose of restitution. As Defendant makes no new arguments regarding restitution, *see State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (providing that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superceded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374, we proceed with summary affirmance, in part, and summary reversal, in part.

**{3}    IT IS SO ORDERED.**

**J. MILES HANISEE, Judge**

**WE CONCUR:**

**LINDA M. VANZI, Judge**

**JULIE J. VARGAS, Judge**